# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL GARCES,<br><br>                Plaintiff,<br><br>v.<br><br>PEOPLE OF CALIFORNIA,<br><br>                Respondent. | Case No. 17cv0598 GPC (KSC)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

    Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A).

**PETITION BARRED BY GATEKEEPER PROVISION**

    The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his March 3, 2004 conviction in San Diego County Superior Court case number SCD133238. On August 12, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, in case No. 09cv1767. In that petition, Petitioner challenged his March 3, 2004 conviction as well. On June 9, 2011, this Court denied the petition on the merits. (*See* Order filed June 7, 2011 in case No. 09cv1767 H (CAB) [ECF No. 30].) On September 13, 2011 the Ninth Circuit Court of Appeals denied Petitioner's

///

application to file a second or successive petition. (*See* Order in *Garces v. Yates*, No. 11-71887 (9th Cir. Sept. 13, 2011).)

Petitioner is now seeking to challenge the sentence imposed as a result of the conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals. For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.

**IT IS SO ORDERED.**

Dated: May 4, 2017

Hon. Gonzalo P. Curiel
United States District Judge

2

17cv0598 GPC (KSC)